UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAHJ PINSON, §| | |
|    TDCJ #02463814, § | | |
|       Plaintiff, § | | |
| § | | |
| vs. § | No. 3:23-CV-1915-B | |
| § | | |
| DALLAS COUNTY SHERIFF'S § | | |
| OFFICE, ET AL., § | | |
|       Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Liberally construing the plaintiff's letter motion to reopen this case, received on November 30, 2023 (doc. 12), as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the Court **GRANTS** the motion.

### I. BACKGROUND

Tahj Pinson (Plaintiff), currently an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a complaint and application for leave to proceed *in forma pauperis* (IFP), received on August 31, 2023, while he was detained in the Dallas County Jail. (*See* docs. 3, 4.) He was granted leave to proceed IFP on September 1, 2023, and he was also sent a magistrate judge's questionnaire (MJQ) to obtain more information about his claims. (*See* docs. 5, 6.) The questionnaire specifically advised him that his answers were due within thirty days, and that a failure to file his answers could result in the dismissal of the case. (*See* doc. 6.) On October 11, 2023, after more than thirty days had passed from the date of the questionnaire, it was recommended that the case be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Plaintiff filed his responses to the questionnaire within the time for objecting to the recommendation, or by some other deadline set by the Court. (*See* doc. 7.) The

recommendation was mailed to the address provided by Plaintiff. On October 24, 2023, the mailing was returned because the name and prisoner identification number he provided did not match; his prisoner identification number was updated, and the recommendation was remailed. (*See* doc. 8.) On November 1, 2023, the recommendation was accepted and the case was dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders. (*See* docs. 9, 10.) On November 20, 2023, the remailed recommendation was returned and marked "Attempted – Not Known Unable to Forward". (doc. 11.) Plaintiff did not file any notice of a change of address.

Plaintiff now seeks to reopen this case based on his *pro se* status and his transfers to and within the TDCJ-CID since filing this action. (*See* doc. 12.) He also states he "would like to recieve [sic] a copy of claim filed." (*Id.*) Based on his filing, his address has been updated on the Court's docket.

## II. FED. R. CIV. P. 59(e)

Because Plaintiff seeks to reopen this closed civil rights action, he is seeking relief from the judgment in this action. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021). Because the filing was mailed within 28 days of entry of judgment, it is properly construed as a motion seeking relief under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.

1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff argues that this case should be reopened because of his *pro se* status and transfers to and within the TDCJ-CID, "which causes property of Plaintiff i.e. (legal mail) to be transferred and takes longer." (doc. 12 at 1.) He also alleges that he "was in the middle of answering the Courts [sic] questions", and "also believes the [sic] are not frivolous [sic] claims." (*Id.*) His allegations do not implicate either an intervening change in law or the availability of new evidence, but they do arguably implicate a manifest error of fact. Based on the mail from the Court that was returned as undeliverable, the date and allegations of Plaintiff's letter motion, and the multiple institutions from which Plaintiff has sent correspondence in this case, it appears that he was attempting to comply with the orders of the Court. The balance therefore tips in favor of the need to render a just decision on the merits of the case, and his Rule 59(e) motion is granted.

## III.  CONCLUSION

Plaintiff's Rule 59(e) motion (doc. 12) is **GRANTED**, and the judgment dismissing the case under Fed. R. Civ. P. 41(b) is hereby **VACATED**.

Further, Plaintiff still has not complied with the order upon which the prior dismissal of the case was based as he has not completed and returned the MJQ. The Clerk of the Court is therefore **INSTRUCTED** to transmit to Plaintiff a copy of the first MJQ sent in this action on September 1, 2023 (doc. 6), and a copy of his complaint filed on August 29, 2023 (doc. 1). Plaintiff is **ORDERED** to complete and return the MJQ within **thirty days** of this order. Failure to file responses may result in the dismissal of the action for failure to prosecute.

**SO ORDERED.**

**SIGNED this 18th day of January, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE